BRADY, Justice.
This is an appeal from the First Chancery Court District of Hinds County, Mississippi, wherein the appellee filed suit seeking an accounting of funds allegedly due him under the terms of a deferred compensation agreement allegedly existing between him and the appellant, his former employer, for enforcement by specific performance of the terms of the said agreement and for certain other benefits he claimed were due him by the appellant in the form of insurance premiums on a group health policy and several life insurance retirement policies and for the recovery from the appellant of unpaid salary, expense allowances, and deferred compensation claimed by the appellee, all arising out of the appellee’s employment and subsequent discharge by the appellant from his position of employment. The chancellor granted the appellee’s petition for an accounting and from this decision an appeal is taken.
The appellant denied that the so-called deferred compensation agreement was enforceable because directors of the appellant at the time of the execution of the said agreement were de facto directors, ineligible under the charter and by-laws of the appellant association to serve as directors, and that they had not been properly elected and such facts were known to the appellee at the time that the said agreement was executed and such agreement would not therefore be binding on the appellant and upon discharge from employment the ap-pellee could not recover under the agree *135 ment. The appellant also challenged the correctness of the amounts claimed by the apppellee and denied that it had agreed or obligated itself to pay the health insurance premiums and the life insurance premiums on policies held by the appellee after the appellee’s employment had been terminated. The appellant further filed a cross-bill by which it sought to recover funds belonging to the appellant association which had been expended by the appellee in the form of political contributions, gifts, other contributions and personal loans to the appellee, and funds which had been used by the ap-pellee in making loans to other employees for which the interest paid thereon had been received by the appellee. The trial court, after hearing testimony by the ap-pellee and those directors who could testify, found that the directors and officers of the appellant association were de facto if not de jure at the time the deferred compensation agreement was executed and that such agreement was binding on the appellant and that the same should be enforced. The chancellor found that there was no fraud or deceit involved in the case and that all of the gifts and expenditures made by the appellee were ratified by the aboard of directors of the appellant. As to the cross-bill of the appellant, the chancellor found “a lot of laxity in the way the money was handled over there * * *” but dismissed the cross-bill. From these holdings this appeal is taken.
The appellant assigns as error:
1. That the lower court erred in finding that the acts of the de facto directors of the appellant association were valid and binding on the appellant in the execution of a contract between the appellant and the appellee, general manager of the appellant corporation;
2. That the court erred in dismissing the cross-bill;
3. That the court erred in failing to permit the appellant to recover from the appellee funds belonging to the appellant expended by the appellee for political contributions, religious contributions, gifts and other benevolent contributions;
4. That the court erred in failing to require the appellee to account and pay to the appellant all sums collected by the ap-pellee as interest on loans by the appellee of the appellant’s funds; and
5. That the findings of the court are contrary to law and against the overwhelming weight of the evidence.
We now consider the first error assigned by the appellant. It is true that the appel-lee had full knowledge of the status of each of the directors of the board and of their eligibility to serve on the board of directors. The prerequisites set out in the charter of incorporation of the appellant association, the by-laws of the appellant association and in Mississippi Code 1942 Annotated sections 5469 and 5472 (1956) all require that a director be a member of the appellant association and that he be elected at annual meetings. The record discloses that originally there were twelve directors who were to be elected annually. By changing the by-laws, this number was reduced to seven and ultimately to five. The prerequisite that a director must be a stockholder or a user of electricity furnished by the association after having signed an application remained in full force and effect. Likewise, the requirement that the directors be elected annually continued to be a prerequisite.
The proof in this case shows that two of the five members of the board of directors at the time of the contract at issue were ineligible to serve on the board as they were not users of the appellant’s electric power services and therefore under a strict interpretation of section 5469, supra, were not qualified as members because continuation of service operates to determine membership in the appellant association and non-members cannot serve on the board of *136 directors. The record discloses, however, that at the time the two directors who were involved were elected to the board of directors they were users and were bona fide stockholders or members of the association and were eligible to be elected and were elected by directors of the association. The proof shows, however, that one of the members of the board of directors was disqualified from holding the office of director for the reason that he was the Sheriff of Warren County and was prohibited from being a director of the association because he held this office and received remuneration in excess of $100 per month as provided in article 3, section 2 of the by-laws of the association.
The record discloses that regular stockholders meetings for the election of directors were not held annually and that these directors carried over or continued in office, having originally been properly elected directors of the association except, of course, for Sheriff Henderson, as aforesaid. While this was known to the appellee, it was also known to the appellant, and the appellant has never instituted any suit or taken any action whatsoever to remove any of the directors which it now alleges were improperly and illegally elected. It is seeking collaterally to avoid the action of these directors of which the appellant had full knowledge insofar as their election or the defects thereof are concerned. The record discloses that a majority of the directors with full knowledge on the part of the corporation, they being the officers thereof, together with the appellee manager, at meetings of the directors, entered into the contracts concerned in this cause and in the performance of the acts which are now claimed to have been unauthorized. Since there was a majority of de facto directors, their actions are binding upon the corporation insofar as the increases in salary which were awarded to the appellee, the obtaining of insurance benefits relating to health policies, retirement policies, expense allowances and deferred compensation agreement are concerned.
We have carefully read the record in this cause and studied the briefs and authorities cited therein and we are forced to conclude that the learned chancellor was correct in his findings of fact and in his interpretation and application of the law thereof except in one instance. The appellant’s third assignment of error is partially well taken because Mississippi Code 1942 Annotated section 2112 (1956) provides as follows :
It shall be unlawful for any corporation, incorporated company or incorporated association, by whatever name it may be known, incorporated or organized under the laws of this state, or doing business in this state, or for any servant, agent, employee or officer thereof, to give, donate, appropriate or furnish, directly or indirectly, a_ny_ money, security, funds or property of said corporation, incorporated company or incorporated association, for the purpose of aiding any political party or any candidate for any public office, or any candidate for any nomination for any public office of any political party, or to give, donate, appropriate or furnish, directly or indirectly, any money, security, funds or property of said corporation, incorporated company or association, to any committee or person as a contribution to the expense of any political party or any candidate, representative or committee of any political party, or candidate for nomination by any political party, or any committee or other person acting in behalf of such candidate.
The proof is conclusive that the appellee violated the provisions of this section in that as the general manager of the appellant and as an officer and manager of the incorporated association he donated funds of the appellant association to candidates *137 for public office in the amount of $1200. The record discloses that the amount of these contributions made by the appellee and subsequently ratified and approved by the directors of the appellant association were in complete violation of the prohibition of section 2112, supra.
The chancellor held that the contributions made to the various Negro organizations and civic groups in the area and the Christmas gifts made to the employees of the appellant association were made in “good faith” and were “generally authorized.” We will not quarrel with the holding of the learned chancellor but we point out that it is the duty of the officers of an incorporated association as well as a corporation to conserve the funds and resources of the institution of which they are a part and not with a prodigal hand to lavishly spend sums of money which could be utilized more properly for the benefit of the stockholders.
We see no merit in the other errors assigned by appellant and agree with the chancellor that there was indeed a “lot of laxity in the way the money was handled over there,” but this Court is not a trier of facts and we cannot say that the chancellor was manifestly wrong in his determination of the facts as reflected by the testimony in the record.
The trial court erred in not sustaining the cross bill as it relates to the $1200.00 political contributions. For the foregoing reasons the case is reversed in part, the appellee’s judgment is reduced $1200.00 with interest at 6% from the dates of the three contributions. Otherwise the judgment is affirmed.
Reversed in part, affirmed in part, and rendered.
GILLESPIE, P. J., and JONES, IN-ZER and ROBERTSON, JJ., concur.